### Case No. 4,719.

#### FELICHY v. HAMILTON.

[1 Wash. C. C. 491.] [1]

Circuit Court, D. Pennsylvania. Oct. Term, 1806.

[1] [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]

WASHINGTON, Circuit Justice. To constitute a partnership, there must be a community of interest; a participation in profit and loss; and this joint interest must continue to the time of the sale, as well as to the purchase. This joint interest in the whole, is what constitutes the liability of all for the contracts of one. If the Mackeys and Hamilton purchased on joint account, and shipped the snuff to be sold on joint account, then they are liable jointly for the advances made by the plaintiffs, on account of this joint concern. The measure of their interest in the snuff, will be the measure of their liability for the advances. If they were not jointly concerned in the sale, the conduct of the Mackeys, in making the shipment on joint account, if not done with the knowledge of Hamilton, cannot make it a partnership transaction. But, if they were jointly concerned in the sale, then the plaintiff, corresponding only with the Mackeys, did not discharge Hamilton. The responsibility of one partner, for the contracts of another, is not solely on the ground of the credit being given to all, which it is not in the case of a dormant partner; but because, that being to share the profits, they must share the loss. Neither would the agreement of one partner with another, not to act in the business; whatever may be the effect of this as between the parties, it is nothing to third persons; neither ought the plaintiff to be affected by his having claimed only a moiety from Hamilton. For, if there was really a partnership, it was no more than a mistake of his legal rights.

Verdict for plaintiff.